**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                   CASE NO. 3:12-cr-34-TJC-MCR

CHRISTOPHER SHAMAR
MCCAIN

## **O R D E R**

Defendant Christopher McCain pleaded guilty to two counts of robbery and two counts of brandishing a firearm in furtherance of a violent crime in connection with a 2012 string of armed robberies. Doc. 85. The Court sentenced him to the then-applicable mandatory minimum for the brandishing counts, which was 84 months' incarceration for the first and 300 months' incarceration for the second, to run consecutively. Doc. 114 at 2. Considering his already lengthy sentence, minimal criminal record, and youth, the Court sentenced him to only one month on each robbery count, to run concurrently with each other and consecutively to the remaining terms. Id. He has completed about 146 months of his 385-month sentence. See Doc. 146 at 7.

In 2018, Congress passed the First Step Act, Pub. L. No. 115-391 (2018), and reduced the mandatory minimum sentence for brandishing a firearm in furtherance of a violent crime, see First Step Act of 2018 § 403(a); see also 18 U.S.C. § 924(c)(1)(A)(ii) (establishing a mandatory minimum of 84 months for

both the first and succeeding brandishing offenses). As applied to McCain, the amendment is nonretroactive. See First Step Act of 2018 § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>." (emphasis added)). However, the Sentencing Commission recently expanded the permissible reasons to modify a sentence to include a gross disparity between the sentence a defendant received and the sentence the defendant would have received under revised statutes. See U.S.S.G. § 1B1.13(b)(6). If sentenced under the revised statute, McCain's mandatory minimum sentence would have been 84 months for each brandishing count. See 18 U.S.C. § 924(c)(1)(A)(ii). McCain now moves to reduce his sentence for the second brandishing count to the current mandatory minimum, which would result in a total sentence of 169 months. Doc. 146.

Congress has authorized courts to modify sentences under only limited circumstances. See 18 U.S.C. § 3582(c). Congress itself established the basic conditions but authorized the Sentencing Commission—an agency within the judicial branch—to regulate the details. See id. (establishing conditions); 18 U.S.C. § 994(a)(2)(C) & (t) (delegating authority to the Commission); U.S.S.G. § 1B1.13 (sentencing guidelines promulgated by the Commission). Though Congress generally cannot delegate its legislative power to another branch,

2

Congress may "obtain[] the assistance of its coordinate Branches." Mistretta v. United States, 488 U.S. 361, 372–73 (1989). Where Congress explicitly delegates authority to construe a statute by regulation, the regulations control unless they are "arbitrary, capricious, or plainly contrary to the statute." United States v. Morton, 467 U.S. 822, 834 (1984).

The Sentencing Commission's authority to establish sentencing guidelines is direct and explicit in 28 U.S.C. § 994(a)(2)(C). Moreover, Congress explicitly empowered the Commission to define extraordinary and compelling reasons for sentence reduction, limiting the Commission's authority only by providing that rehabilitation alone is not an extraordinary and compelling reason. Id. § 994(t). Under the sentence modification statute, a court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a)[1] and finding that (1) extraordinary and compelling reasons

---

[1] The § 3553(a) factors are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for [the offense]; (5) any pertinent policy statement . . . [;] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."

warrant a reduction and (2) the reduction is consistent with applicable policy statements by the Sentencing Commission.² 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

Under the Sentencing Commission's recent policy statement, "extraordinary and compelling reasons" include "a change in the law . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" if the defendant received an unusually long sentence and has served at least ten years of the imprisonment term. U.S.S.G. § 1B1.13(b)(6). Under Eleventh Circuit precedent, this policy statement governs all motions to reduce sentences and is binding on district courts. United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021).

The government does not dispute that McCain qualifies for a sentence reduction under the § 3582(c) and § 1B1.13(b)(6) criteria except to state that he remains a danger to the community (one of the § 3553(a) factors). See generally

---

²The government characterizes the requirements as "(1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and (3) the section 3553(a) sentencing factors weigh in favor of a reduction." Doc. 151 at 2 (internal quotation marks removed) (emphasis added). The statute itself—and Tinker—require consideration of the § 3553(a) factors only to the extent that the factors are relevant, not that the factors weigh in favor of a reduction. Here, the outcome is the same—the Court has considered the factors, and the factors weigh in favor of a reduction (discussed below).

4

Doc. 151. Instead, the government argues that the Sentencing Commission exceeded its authority by determining that a nonretroactive change in a sentencing statute could qualify as an extraordinary and compelling reason to reduce a defendant's sentence. Id. Specifically, the government argues that § 1B1.13(b)(6) conflicts with § 3582(c)'s plain language, context, and purpose because a nonretroactive change in law is neither extraordinary nor compelling and because allowing courts to apply nonretroactive changes in law to particular defendants violates separation-of-powers principles. Id. at 6–18. The government adds that Congress's failure to reject the Sentencing Commission's determination does not validate the determination and that a district court still must find extraordinary and compelling reasons to reduce a sentence. Id. at 18–20.

The government is correct—in and of itself, a nonretroactive amendment to a sentencing statute is not extraordinary and compelling and does not warrant a reduction in a sentence pronounced before the amendment took effect. But that is not what § 1B1.13(b)(6) authorizes, and McCain does not argue that the amendment to § 924(c) alone justifies a reduction in his sentence. Rather, the Sentencing Commission determined that such an amendment could lead to an extraordinary and compelling reason for a reduction—namely, a gross disparity between an individual's actual sentence and the sentence he would have received under the amended statute.

5

Not every person sentenced before the amendment would receive a long enough sentence to result in a gross disparity. Moreover, a court is not capped at a mandatory minimum, and the specific circumstances of a crime may justify a much higher sentence. However, that Congress chose not to make an amendment retroactive does not mean Congress intended to foreclose any modifications for defendants sentenced before the amendment took effect.

As to the government's argument that § 1B1.13(b)(6) violates separation-of-powers principles, the Court is unpersuaded. Congress authorized the Sentencing Commission to establish guidelines and define "extraordinary and compelling reasons." This authority encompasses construction of § 3582(c). And § 1B1.13 is binding. See Bryant, 996 F.3d at 1262.

Other courts have also rejected the argument that the Sentencing Commission exceeded its authority in promulgating § 1B1.13(b)(6). See, e.g., United States v. Padgett, No. 5:06-cr-13, 2024 WL 676767, at *3–4 (N.D. Fla. Jan. 30, 2024); United States v. Allen, No. 1:09-cr-320, 2024 WL 631609, at *5–7 (N.D. Ga. Feb. 12, 2024); United States v. Henderson, No. 4:08-cr-187, 2024 WL 881253, at *8–10 (E.D. Mo. Feb. 23, 2024); United States v. Brown, No. 2:96-cr-66(2), 2024 WL 409062, at *5–6 (S.D. Ohio Feb. 2, 2024). But this position is not universal; district courts across the country are split.

Before the Sentencing Commission promulgated § 1B1.13(b)(6), some circuit courts considered whether a nonretroactive change to a sentencing

statute or the disparity in sentences the change produced could be an extraordinary and compelling reason to reduce a sentence under § 3582(c)(1)(A)(i). See, e.g., United States v. Thacker, 4 F.4th 569 (7th Cir. 2021); United States v. Andrews, 12 F.4th 255 (3d Cir. 2021). They determined that § 3582(c)(1)(A)(i) does not authorize a reduction based on those circumstances. See id. After § 1B1.13(b)(6) was promulgated, district courts in those circuits revisited the issue and determined that the circuit-court precedent—not § 1B1.13(b)(6)—governed, concluding that the circuit courts had interpreted § 3582(c)(1)(A)(i) directly, § 1B1.13(b)(6) conflicts with the circuit courts' interpretations and thus conflicts with § 3582(c)(1)(A)(i), and as a result § 1B1.13(b)(6) is an improper effort to override § 3582(c)(1)(A)(i). See e.g., United States v. Black, No. 05 CR 70-4, 2024 WL 449940, at *5–12 (N.D. Ill. Feb. 6, 2024) (to be published) (citing Thacker, 4 F.4th 569); United States v. Carter, No. 07-374-1, 2024 WL 136777, at *5–6 (E.D. Pa. Jan. 12, 2024) (citing Andrews, 12 F.4th 255).

No such precedent binds this Court. To the contrary and as described above, Bryant requires the Court to adhere to § 1B1.13(b)(6). See 996 F.3d at 1251–52, 1262 ("The answer to whether the Commission's definition of 'extraordinary and compelling reasons' binds district courts is clear. Indeed, both the Supreme Court and [the Eleventh Circuit] have held that Congress's consistent-with requirement makes the relevant policy statements binding on

district courts. . . . 1B1.13 is an applicable, binding policy statement for all Section 3582(c)(1)(A) motions[.]" (citing Dillon v. United States, 560 U.S. 817, 826–27 (2010); United States v. Colon, 707 F.3d 1255, 1262 (11th Cir. 2013)).

In short, the government fails to show that § 1B1.13(b)(6) is arbitrary, capricious, contrary to § 3582(c), or a violation of separation-of-powers principles. The Court now turns to McCain's circumstances.

At the sentencing hearing, the Court expressed the view that the 385-month sentence the Court was required to impose was too long. Doc. 122 at 15:18–16:12. The amended sentencing guidelines, which now allow the Court to consider the "gross disparity" between the sentence the Court handed down and the sentence McCain would be facing if he were sentenced under the revised law, presents an opportunity to rectify McCain's sentence.

McCain argues that a 169-month sentence—one month for the robbery counts and 84 months for each of the brandishing counts—is appropriate because his criminal record before the armed robberies was minimal, he was only 23 at the time of his crimes, he has already paid restitution in full even though he was not required to begin payments until after his release, his disciplinary record in prison is insignificant, and he has participated in rehabilitative programs in prison. Doc. 146 at 10–16. These factors weigh heavily in his favor. Still, the Court cannot overlook that he committed a string of armed robberies, which were serious crimes with real victims. And he

received one-month concurrent sentences on the robbery counts because the Court was already required to impose substantial prison time; those sentences would likely have been in the 30–37 month guidelines range otherwise. Considering all the circumstances, reduction is appropriate, but simply reducing the second brandishing count to the mandatory minimum under the revised statute is unwarranted.

The Court has also considered the § 3553(a) factors.[3] The government expresses concern that reducing McCain's sentence will present a danger to the community. However, McCain's criminal history before the robberies was minimal and nonviolent, his prison disciplinary record is insubstantial, he has taken responsibility for his crimes and proactively fulfilled his restitution obligations, and even with the reduction, his sentence is quite lengthy. He will also be on a three year term of supervised release.

If sentenced today, McCain would face a guidelines range of 30 to 37 months on the robbery counts and 84 months on each brandishing count, for a total range of 198 to 205 months. The low end of that range—198 months—is appropriate, but the Court will not increase the robbery sentence. Instead, the Court achieves the same result by reducing McCain's sentence for the second

---

[3]Because the only § 3553(a) factor in dispute is whether McCain presents an ongoing danger to the community, see Doc. 151 at 20, the Court does not address the other factors in detail.

9

brandishing count to 113 months and leaving the remaining sentences—one month for the robberies and 84 months for the first brandishing count—in place. Accordingly, it is hereby

**ORDERED:**

Defendant's Renewed Motion for Reduced Sentence, Doc. 146, is **GRANTED** in part. McCain's sentence for the second count of brandishing a firearm in furtherance of a violent crime is **REDUCED** from 300 months to 113 months, **and his total sentence is thus reduced to 198 months**. The terms and conditions of his supervised release, see Doc. 114 at 3–4, remain in place.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of May, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

vng

Copies:

Frank Merrill Talbot, II, AUSA
Lisa Call, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Bureau of Prisons
Defendant